IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GUY VARNER HAZLEGROVE,

    Plaintiff,

v.                            Civil Action No. 3:18-cv-284

COLONIAL PIPELINE CO.,

    Defendant.

**MEMORANDUM OPINION**

This matter is before the Court on DEFENDANT'S MOTION TO DISMISS (ECF No. 3). For the following reasons, DEFENDANT'S MOTION TO DISMISS (ECF No. 3) will be granted, but the dismissal will be without prejudice.

**BACKGROUND**

**I. Procedural Context**

In this action, Plaintiff Guy Varner Hazlegrove, proceeding pro se, sues Defendant Colonial Pipeline Co. for "Assault," "Sexual Discrimination," and "Wrongful Termination under the Americans with Disabilities Act." Compl. *5. Colonial moves to dismiss the Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(6).

**II. Factual Context**

Hazlegrove alleges that a series of events between May 2014 and September 1, 2015 at Colonial, Hazlegrove's place of employment, gave

rise to his claims. See Compl. *5-6. The substance of those events is not relevant to the present motion.

Attached to the Complaint as an exhibit is an EEOC right-to-sue notice, dated March 30, 2016. Compl. Ex. 1 *3-5. Under the date line of the notice is the caption "(Date Mailed)." Compl. Ex. 1 *3. The notice was addressed to Hazlegrove at the same address Hazlegrove listed as his own in the Complaint. See Compl. *1; Compl. Ex. 1 *3.[1]

**THE STANDARDS GOVERNING FED. R. CIV. P. 12(b)(6)**

Motions to dismiss based upon Fed. R. Civ. P. 12(b)(6) are evaluated under the following standards:

> In [considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss], we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. To survive a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" A claim is "plausible on its face," if a plaintiff can demonstrate more than "a sheer possibility that a defendant has acted unlawfully." While considering a 12(b)(6) motion, we "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'"

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir.

---

[1] Hazlegrove also attached other documents to his Complaint. These include: (1) an e-mail from the EEOC to Hazlegrove, dated February 23, 2018, advising Hazlegrove as to how to access information about his EEOC charge online; and (2) medical and meditation documents. Compl. Ex. 1 *1-2, 6-10.

2

2018) (citations omitted).

Courts construe pro se complaints liberally. As the Supreme Court has instructed, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).

Finally, as this Court recently has held:

> A statute of limitations defense may be decided upon on a motion to dismiss [pursuant to Fed. R. Civ. P. 12(b)(6)]. Typically, a court may only do so "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" The Court does not read this principle as barring consideration of other materials that may be properly reviewed in resolving a motion to dismiss.

Penn v. 1st S. Ins. Servs., Inc., __ F. Supp. 3d __, 2018 WL 3468366, at *9 n.9 (E.D. Va. July 18, 2018) (citations omitted).

## DISCUSSION

Colonial moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that all of Hazlegrove's claims are time-barred. Def.'s Br. 1. The Court agrees as to Hazlegrove's federal claims. It does not reach the timeliness of Hazlegrove's state law claim(s).

## I. Federal Law Claims

Hazlegrove's claims for "Sexual Discrimination" and "Wrongful Termination under the Americans with Disabilities Act" appear to be, as best the Court can tell, federal discrimination claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA") (as amended), 42 U.S.C. § 12101 et seq. See Compl. *3, 5-6; Compl. Ex. 1 *3-5. The Court proceeds upon that understanding.

### A. The Parties' Relevant Arguments

Colonial argues that an ADA or Title VII plaintiff must file suit within 90 days of receiving a right-to-sue notice from the EEOC (and that this timeline is strictly construed in the Fourth Circuit). See Def.'s Br. 3. Colonial asserts that the EEOC mailed Hazlegrove's right-to-sue notice on March 30, 2016. Def.'s Br. 4. It maintains that Hazlegrove does not allege when he received the right-to-sue notice or that he did not receive it, and that there is a legal presumption that Hazlegrove received the notice three days after it was mailed. Def.'s Br. 4. Using that timeline, Hazlegrove failed to bring suit until well after the 90-day filing period expired. See Def.'s Br. 4.

Colonial further contends that equitable tolling is not applicable here. See Def.'s Br. 4-5. It explains that equitable tolling should be employed sparingly, and it is only appropriate

4

where there are "extraordinary circumstances beyond the plaintiff's control," typically due to the employer's conduct. See Def.'s Br. 4-5 (citations omitted). Colonial argues that Hazlegrove has not alleged any such circumstances. Def.'s Br. 4-5. Furthermore, it states:

> While Hazlegrove filed an email from the EEOC dated February 23, 2018 that provides instructions on how to access the EEOC Public Portal, nowhere in his Complaint does Hazlegrove allege that this email was his first notice of his right to sue. To the contrary, the Complaint reflects that Hazlegrove received notice of his right to sue in late March/early April 2016 – almost 2 years earlier – when the notice was issued on March 30, 2016. Even further, Hazlegrove does not deny receiving the right-to-sue notice in 2016, nor can he given that the notice was mailed to the same address where Hazlegrove continues to reside.

Def.'s Br. 5 (citations omitted).

Hazlegrove responds, in essence, by presenting a series of factual allegations that do not appear in his Complaint. See Pl.'s Opp'n 1. Those allegations are as follows:

> Upon submitting the original EEOC complaint and holding discussion with the examiner Hazlegrove was informed that it could be as long as 2 years before a decision could be made. In March 2017 the EEOC was contacted to find out the status of the claim as no contact had been made since the application and was then told <u>the case was still open</u>.
>
> Upon a follow up call in June 2017 Hazlegrove was informed the case had been closed in March 2016 and a letter would be mailed stating such.

5

> Contact was again made to EEOC in July 2017 and was told "don't know why it wasn't sent, Lisa usually mails those out."
>
> August 2017 Congressman Tom Garrett's Office contact the EEOC on Hazlegrove's behalf. EEOC acknowledged congressman's contact in October 2017 with letter of response but no letter of right-to-sue or other decision issued.
>
> February 23, 2018 contact made with EEOC and was offered assistance via electronic transmission of necessary documents. It was then verified that all contact attempts are logged in EEOC system.
>
> Hazlegrove's complaint for civil case was then filed April 26, 2018 well within the statute of limitations as permitted.

Pl.'s Opp'n 1.

Hazlegrove also argues that, "in the Fourth Circuit, the timing requirements for filing a lawsuit AFTER issuance of the right-to-sue notice are strictly construed and complaint was filed accordingly." See Pl.'s Opp'n 2. And, he seems to contend that the Seventh Circuit has held that oral notice of a plaintiff's right to sue (such as occurred in June 2017 here) is not sufficient. See Pl.'s Opp'n 2.

Colonial replies that it appears that Hazlegrove is attempting to invoke equitable tolling in his Opposition. Def.'s Reply Br. 2. It clarifies the standards governing equitable tolling, observing that such tolling is applicable where "wrongdoing by the adversary" or "extraordinary circumstances beyond the plaintiff['s] control"

prevented the timely filing of the claim. Def.'s Reply Br. 3 (citations omitted). It maintains that Hazlegrove has not alleged any wrongdoing by Colonial that prevented him from timely filing suit. Def.'s Reply Br. 3. As to "extraordinary circumstances," Colonial asserts:

> Nowhere in the Complaint or his Response Brief does Hazlegrove explicitly deny receiving the [EEOC] right-to-sue notice that was mailed on March 30, 2016. Equally compelling, Hazlegrove does not dispute that his mailing address has remained the same from the time the EEOC mailed the right-to-sue letter in March 2016 to now. Rather, Hazlegrove argues only that the verbal notification from the EEOC informing him in April 2017 that his case had actually been closed in March 2016 was insufficient to trigger the limitations period.

Def.'s Reply Br. 3-4.

Colonial then proceeds to argue that oral notification may be sufficient to trigger the 90-day period and that the Seventh Circuit case upon which Hazlegrove relies is distinguishable. Def.'s Reply Br. 4-5. Finally, Colonial claims that, even if oral notification were insufficient, Hazlegrove failed to proceed with diligence (based on the allegations in the Opposition), which should preclude the application of equitable tolling. See Def.'s Reply Br. 5-6.[2]

---

[2] Colonial also observes, in a footnote, that the Fourth Circuit (in contrast to the Seventh Circuit) does not require "actual receipt" of a right-to-sue notice to trigger the limitations period. See Def.'s Reply Br. 4 n.5.

B.  **Legal Principles & Analysis**

This is a straightforward case. Hazlegrove has proffered factual allegations sufficient to establish that he has failed to comply with the relevant filing period, and nothing suggests that equitable tolling is applicable. Hence, the Court agrees with Colonial that Hazlegrove's federal claims are untimely.

Under both Title VII and the ADA, a plaintiff must file a lawsuit within 90 days after receiving a right-to-sue notice from the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (setting out the 90-day time limit for Title VII claims); 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures" of, inter alia, 42 U.S.C. § 2000e-5 into the ADA); Angles v. Dollar Tree Stores, Inc., 494 F. App'x 326, 328 (4th Cir. 2012) (unpublished); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 320-21 (4th Cir. 2011) (unpublished); Davis v. Va. Commonwealth Univ., 180 F.3d 626, 628, 628 n.3 (4th Cir. 1999); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir. 1993). This 90-day window is characterized as a statute of limitations. See Mann v. Standard Motor Prods., Inc., 532 F. App'x 417, 418 (4th Cir. 2016) (per curiam); Angles, 494 F. App'x at 328-30; Crabill, 423 F. App'x at 321; Malhotra v. KCI Techs., Inc., 240 F. App'x 588, 589 n.1 (4th Cir. 2007) (per curiam); Davis, 180 F.3d at 628, 628 n.3.

Additionally, "actual receipt" of the right-to-sue notice is

8

unnecessary to trigger the 90-day period. See Watts-Means, 7 F.3d at 42; Weakley v. Homeland Sec. Solutions, Inc., 3:14-cv-785, 2015 WL 11112158, at *9 (E.D. Va. May 19, 2015), adopted, 2015 WL 11112159, at *1 (E.D. Va. June 16, 2015), aff'd, 622 F. App'x 253, 253-54 (4th Cir. 2015) (per curiam); Scott v. Hampton City Sch. Bd., 4:14-cv-128, 2015 WL 1917012, at *3 (E.D. Va. Apr. 27, 2015). The Fourth Circuit has held, for example, "that delivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter." See Watts-Means, 7 F.3d at 42. And, "[i]f the date [of receipt] is unknown . . . it is presumed that service by regular mail is received within three days." See Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (table) (per curiam); see also Weakley, 2015 WL 11112158, at *10; Scott, 2015 WL 1917012, at *3; Signore v. Bank of Am., N.A., 2:12-cv-539, 2013 WL 5561612, at *4-5 (E.D. Va. Oct. 8, 2013).[3] The basis for that presumption is Fed. R. Civ. P. 6(d), which states, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a)." See Fed. R. Civ. P. 6(d).

---

[3] This presumption also applies where the receipt date is disputed. See, e.g., Weakley, 2015 WL 11112158, at *10.

The 90-day window can be extended under the doctrine of equitable tolling. See Watts-Means, 7 F.3d at 42. That doctrine is to be employed "sparingly." See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) ("Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies."). As the Fourth Circuit has held:

> The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citations omitted); see also Crabill, 423 F. App'x at 321; Blakes v. Gruenberg, 1:14-cv-1652, 2015 WL 9274919, at *5 (E.D. Va. Dec. 18, 2015); Weakley, 2015 WL 11112158, at *15. Additionally, a plaintiff must pursue his rights diligently to invoke equitable tolling, particularly under the "extraordinary circumstances" prong. See Irwin, 498 U.S. at 96; CVLR Performance Horses, 792 F.3d at 476; Olawole v. ActioNet, Inc., 258 F. Supp. 3d 694, 707 (E.D. Va. 2017); Blakes, 2015 WL 9274919, at *6.

Hazlegrove's Complaint contains no allegations respecting his right-to-sue notice. See Compl. *6-7. However, as noted above, "we

10

'may consider [on a motion to dismiss] documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'"" Rockville, 891 F.3d at 145 (citations omitted); see also Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").[4] That is even true when a statute of limitations is at issue. See Penn, __ F. Supp. 3d __, 2018 WL 3468366, at *9 n.9; see also Eskridge v. Hickory Springs Mfg. Co., 477 F. App'x 139, 140 (4th Cir. 2012) (per curiam); Cromratie v. Carolina Dental Arts, 1:17-cv-207, 2017 WL 5444549, at *2 (M.D.N.C. Nov. 1, 2017), adopted, ECF No. 31 (M.D.N.C. Nov. 30, 2017); Hill v. SJV, LLC, 1:16-cv-27, 2017 WL 1102640, at *3-4 (E.D. Va. Mar. 22, 2017).

Here, Hazlegrove did attach to the Complaint his EEOC right-to-sue notice. See Compl. Ex. 1 *3-5. That notice is patently integral to the Complaint (it establishes a key prerequisite to

---

[4] There is some ambiguity over whether documents attached to a complaint must satisfy the "integral and authentic" test. Compare Goines v. Valley Cmty. Servs. Bd., 822 F.3d 159, 166 (4th Cir. 2016) ("[W]e also consider documents that are explicitly incorporated into the complaint by reference, and those attached to the complaint as exhibits. And, as mentioned above, we may consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." (citations omitted)), with Rockville, 891 F.3d at 145 ("[W]e 'may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.''" (citations omitted)). That issue need not be resolved here, however, because the relevant document satisfies that test.

11

Hazlegrove's federal claims: receipt of a right-to-sue notice, see Davis v. N.C. Dep't of Corr., 48 F.3d 134, 140 (4th Cir. 1995)), and there is no dispute over its authenticity.[5] That notice provides all

---

[5] As noted throughout this Opinion, Hazlegrove's Opposition contains factual allegations that suggest that he did not receive a right-to-sue notice. See Pl.'s Opp'n 1. However, Hazlegrove never actually questions the authenticity of the right-to-sue notice attached to the Complaint. See Pl.'s Opp'n 1-2. He does not, for example, assert that the notice was falsified, fraudulent, forged, or anything other than his true right-to-sue notice. See Pl.'s Opp'n 1-2. Cf. Hintz v. Experian Info. Solutions, Inc., 3:10-cv-535, 2010 WL 4025061, at *3 (E.D. Va. Oct. 13, 2010) ("Testimony from Hintz's deposition in the prior action shows that Hintz believes the e-mail to be 'a forged contract,' thereby putting the authenticity of the email in dispute." (citations omitted)). None of Hazlegrove's allegations demonstrate that the right-to-sue notice is not what it appears to be. See Pl.'s Opp'n 1.

Additionally, Hazlegrove's allegations are not even inconsistent with the right-to-sue notice. He nowhere claims that the notice was not actually mailed to his address on the "Date Mailed" date listed in the notice. See Pl.'s Opp'n 1. At best, the allegations imply that Hazlegrove did not receive the notice and then engaged in a series of communications with the EEOC. See Pl.'s Opp'n 1. But, mailed and received are separate concepts. And, the only allegation arguably related to the mailing of the notice is that, in July 2017, Hazlegrove was told by the EEOC: "don't know why it wasn't sent, Lisa usually mails those out." See Pl.'s Opp'n 1. But, Hazlegrove provides no indication as to what "it" meant in that conversation, and "it" could refer to any number of documents. See Pl.'s Opp'n 1-2. That is not a sufficient basis to infer an authenticity challenge.

Finally, Hazlegrove proffered the right-to-sue notice as part of his own Complaint and did not allege any authenticity concerns in the Complaint. That suggests that Hazlegrove is not attempting to challenge the authenticity of the notice and further counsels against inferring such a challenge. Cf. Davis v. White, 4:16-cv-18, 2017 WL 6273488, at *8 (E.D. Va. Dec. 8, 2017) ("The documents considered by the Court are integral to Plaintiff's complaint, and, since he proffered them, are not contested as to authenticity."), appeal docketed, No. 18-1467 (4th Cir. Apr. 27, 2018).

the facts necessary to resolve Colonial's motion.

The right-to-sue notice states that it was mailed on March 30, 2016. Compl. Ex. 1, *3. The "to" line indicates that it was sent to Hazlegrove at his current address. See Compl. *1; Compl. Ex. 1 *3. Nothing in the Complaint (or in any documents attached thereto) describes when Hazlegrove received the right-to-sue notice or implies that he did not receive it. See Compl. *6-7; Compl. Ex. 1 *1-10. Thus, the "3-day presumption" applies, and Hazlegrove is presumed to have received the right-to-sue notice in early April 2016. He filed his Complaint over two years later, on April 26, 2018. Thus, his federal claims were filed well after the expiration of the 90-day filing window, and they are time-barred.

Furthermore, nothing suggests that equitable tolling could save those claims. There is not a single reference in the Complaint (or in any attached document) to any event or circumstance that might have prevented Hazlegrove from timely filing his suit. See Compl. *6-7; Compl Ex. 1 *1-10. And, although Hazlegrove presents factual allegations in his Opposition suggesting that he did not receive a right-to-sue notice, allegations that appear only in a brief are not considered on a motion to dismiss. See Pl.'s Opp'n 1; see, e.g., Blaise v. Harris, 3:16-cv-23, 2016 WL 4265748, at *3 (E.D. Va. Aug. 11, 2016); Neal v. Patrick Henry Cmty. Coll., 4:15-cv-4, 2015 WL 5165278, at *6 (W.D. Va. Sept. 3, 2015); Campbell ex rel. Equity Unit

13

Holders v. Am. Int'l Grp., Inc., 86 F. Supp. 3d 464, 472 n.9 (E.D. Va. 2015), aff'd, 616 F. App'x 74, 75 (4th Cir. 2015) (per curiam). Accordingly, equitable tolling is inapplicable.

### C. Conclusion

Because Hazlegrove is presumed to have received his right-to-sue notice in early April 2016, did not file suit for substantially more than 90 days, and fails to make any showing that equitable tolling applies, Hazlegrove's federal claims are time-barred. Consequently, the Court will grant DEFENDANT'S MOTION TO DISMISS (ECF No. 3) as to those claims. However, in light of Hazlegrove's pro se status and the suggestion in his Opposition that he did not receive a right-to-sue notice as presumed above, the dismissal will be without prejudice.

## II. State Law Claim(s)

Given that the Court has dismissed Hazlegrove's federal claims, the remainder of this action is based on state law. The only possible bases for jurisdiction over Hazlegrove's state law claim(s) are supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332. However, there is no diversity jurisdiction here because, to the extent it is possible to discern from the Complaint, both parties are Virginia citizens (and, indeed, Hazlegrove did not check "Diversity of citizenship" as a basis of jurisdiction on the standard complaint form). See Compl. *1-3;

Elliott v. Am. States Ins. Co., 883 F.3d 384, 394 (4th Cir. 2018).

When all federal claims have been dismissed and there is no diversity jurisdiction, it is proper for a federal court to decline to exercise supplemental jurisdiction. See 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- . . . (3) the district court has dismissed all claims over which it has original jurisdiction[.]"); Thomas v. The Salvation Army S. Territory, 841 F.3d 632, 642 (4th Cir. 2016) ("Because we affirm the district court's dismissal of all of Thomas's federal claims, we also affirm its decision to decline to exercise supplemental jurisdiction and thus to dismiss Thomas's state law claims without prejudice."). The Court so declines here. Therefore, the Court will grant DEFENDANT'S MOTION TO DISMISS (ECF No. 3) as to the state law portion of Hazlegrove's Complaint, but the dismissal will be without prejudice and on the ground of 28 U.S.C. § 1367(c)(3).

## CONCLUSION

For the foregoing reasons, the Court will grant DEFENDANT'S MOTION TO DISMISS (ECF No. 3), but the dismissal will be without prejudice.

It is so ORDERED.

/s/ _R E P_

Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: August 24, 2018