IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



GUY VARNER HAZLEGROVE,

    Plaintiff,

v.                                    Civil Action No. 3:18-cv-284

COLONIAL PIPELINE CO.,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT'S MOTION TO
DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 11). For the
following reasons, DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT (ECF No. 11) will be granted.

## BACKGROUND

### I. Procedural Context

Plaintiff Guy Varner Hazlegrove, proceeding pro se, sues
Defendant Colonial Pipeline Co. ("Colonial") for "Harassment,"
"Sexual Discrimination," and "Wrongful Termination under the
Americans with Disabilities Act." Am. Compl. 2 (ECF No. 10).[1]

The Court previously dismissed Hazlegrove's original
Complaint because he had failed to bring the federal Title VII or

---

[1] In his original Complaint, Hazlegrove alleged "Assault" instead
of "Harassment." Compl. 5 (ECF No. 1). Hazlegrove does allege
assaultive conduct in his "Preliminary Statement" of the Amended
Complaint but does not include it among the three claims he lists
as a "basis for jurisdiction." Am. Compl. 2-3 (ECF No. 10).

ADA claims asserted therein within 90 days of his presumed receipt of the right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") as required by statute. Mem. Op. 8-14 (ECF No. 8). The Court considered the EEOC right-to-sue notice that Hazlegrove attached to his original Complaint, which reflected that it was mailed to Hazlegrove's current address on March 30, 2016. Id. at 11-13. Applying the presumption of mail receipt, the Court found that Hazlegrove had received the notice in early April 2016, but did not file his lawsuit until April 2018, well outside the 90-day window. Id. at 13. Nothing in the Complaint suggested that equitable tolling applied, so the Court found Hazlegrove's federal claims to be time-barred and dismissed them.[2] Id. at 13-14.

Because Hazlegrove was proceeding pro se and because in his briefing Hazlegrove suggested that he did not receive the right-to-sue notice, the Court dismissed the claims without prejudice. Mem. Op. 14 (ECF No. 8). The Court then ordered Hazlegrove to "file an Amended Complaint, in perspective of the. . .Memorandum Opinion" by September 14, 2018. ECF No. 9. Hazlegrove filed an Amended Complaint on September 13, 2018. ECF No. 10. As it did with the original Complaint, Colonial moves to dismiss the Amended

---

[2] The Court dismissed Hazlegrove's state law claims because it declined to exercise supplemental jurisdiction over them following the dismissal of the federal claims. Mem. Op. 14-15 (ECF No. 8).

Complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 11.

## II. Factual Context and the Amended Complaint

Hazlegrove's Amended Complaint once again alleges that a series of events between May 2014 and September 1, 2015 at Colonial—Hazlegrove's place of employment—gave rise to his claims. See Am. Compl. 2-3 (ECF No. 10). The substance of those events is not relevant to the present motion.

The Amended Complaint then lays out the alleged timeline of Hazlegrove's dealings with the EEOC in a section titled "Factual Background." Am. Compl. 4. Hazlegrove alleges that he started the process with the EEOC in January 2016, and was told that his case could take two years to resolve. Id. Hazlegrove alleges no facts indicating that he contacted the EEOC between January 2016 and March 2017. See Am. Compl. 2-5. Hazlegrove alleges that, in March 2017, he was told by the EEOC that his case was still open. Id. at 4. Then, in June 2017, he alleges that he was told by the EEOC that his case had been closed in March 2016 and that EEOC would mail him a letter to that effect.[3] Id. Hazlegrove goes on to allege that the EEOC could not provide him proof of mailing of the right-to-sue notice. Id. Hazlegrove concludes the "Factual Background" of the Amended Complaint with: "Hazlegrove testifies

---

[3] As discussed above, the right-to-sue notice attached to Hazlegrove's original Complaint reflected that it had been mailed on March 30, 2016. See Compl. Ex. 1 at 3-5 (ECF No. 1).

that NO LETTER HAS EVER BEEN RECEIVED VIA MAIL from the eeoc." Id. (emphasis and capitalization in original).

The Amended Complaint continues with an "Argument" section. Am. Compl. 4-5. The crux of that argument is that Hazlegrove never received the right-to-sue notice and therefore cannot be blamed for not filing his lawsuit in time. Id. He quotes language from the EEOC website: "Once you receive a Notice of Right to Sue, you must file your lawsuit within 90 days. This deadline is set by law." Id. at 4. He then reiterates that he never received the notice, that EEOC cannot provide evidence it was ever mailed, that he made repeated requests for the notice, that "the clerk of court" asked him if he had his right to sue notice when he filed his lawsuit, and that he was told conflicting information by the EEOC in 2017 about whether his case was still open. Id. at 5. He then discusses how both the assault and wrongful termination complaints were presented to the EEOC. Id.

Hazlegrove concludes the Amended Complaint by asking the Court to "recognize the due diligence expended by a layman who has followed all instructions to the letter as given by government officials in filing his complaint." Am. Compl. 5. He also asks the Court to "recognize the egregious nature" of his termination.[4] Id.

_____

[4] Unlike the original complaint, Hazlegrove did not attach any documents to the Amended Complaint. Of course, this omission conveniently includes the right-to-sue letter indicating it had

4

**THE STANDARDS GOVERNING FED. R. CIV. P. 12(b)(6)**

Motions to dismiss based upon Fed. R. Civ. P. 12(b)(6) are evaluated under the following standards:

> In [considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss], we must accept the factual allegations of the complaint as true and construe them in the light most favorable to the nonmoving party. To survive a 12(b)(6) motion, the "complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" A claim is "plausible on its face," if a plaintiff can demonstrate more than "a sheer possibility that a defendant has acted unlawfully." While considering a 12(b)(6) motion, we "may consider documents attached to the complaint or the motion to dismiss 'so long as they are integral to the complaint and authentic.'"

Rockville Cars, LLC v. City of Rockville, 891 F.3d 141, 145 (4th Cir. 2018) (citations omitted).

Courts construe pro se complaints liberally. As the Supreme Court has instructed, "[a] document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted). That said, "[p]rinciples requiring generous construction of pro se complaints are not. . .without limits." Beaudett v. City of Hampton, 775 F.2d

_____

been mailed to Hazlegrove in March 2016.

1274, 1278 (4th Cir. 1985).

Finally, as this Court recently has held:

> A statute of limitations defense may be decided upon on a motion to dismiss [pursuant to Fed. R. Civ. P. 12(b)(6)]. Typically, a court may only do so "if all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" The Court does not read this principle as barring consideration of other materials that may be properly reviewed in resolving a motion to dismiss.

Penn v. 1st S. Ins. Servs., Inc., 324 F. Supp. 3d 703, 714 n.9 (E.D. Va. 2018) (citations omitted).

## DISCUSSION

Colonial once again moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), on the ground that all of Hazlegrove's claims are time-barred. Def.'s Br. 1 (ECF No. 12). And, it argues that Hazlegrove has also not made a showing that equitable tolling saves his federal claims.

## I. Federal Law Claims

Hazlegrove's claims for "Sexual Discrimination" and "Wrongful Termination under the Americans with Disabilities Act" appear to be federal discrimination claims arising under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Americans with Disabilities Act of 1990 ("ADA") (as amended), 42 U.S.C. § 12101 et seq. See Am. Compl. 2-3; Compl. Ex. 1 at 3-5. The Court proceeds upon that understanding.

6

## A. The Parties' Relevant Arguments

Colonial raises two broad arguments in support of its motion to dismiss the federal claims. First, it argues that Hazlegrove's federal claims are time-barred because he did not file his lawsuit within the 90-day window following his receipt of the right-to-sue notice. Def.'s Br. 4-7 (ECF No. 12). It argues that this 90-day period is strictly construed, and importantly, that actual receipt of the right-to-sue notice is not required to trigger the 90-day period in the Fourth Circuit. Id. at 4-5. Since the EEOC notice provided by Hazlegrove reflected that it had been mailed to him at his current address in March 2016 and Hazlegrove did not file his lawsuit until 2018, the suit is time-barred. Id. Further, even if the mailing of the right-to-sue notice did not trigger the 90-day clock, Colonial argues that Hazlegrove was put on notice in June 2017 that he needed to file suit when the EEOC told him that his case had been closed in March 2016. Id. at 6-7.

Second, Colonial argues that equitable tolling does not apply to Hazlegrove's federal claims. Def.'s Br. 7-10 (ECF No. 12). It explains that equitable tolling is a narrow doctrine that typically requires circumstances outside of the plaintiff's control or, in the alternative, for the plaintiff to have diligently pursued his claims. Id. at 7-8. This case has neither, Colonial argues, because Hazlegrove has not alleged any conduct by Colonial that prevented

7

him from filing his lawsuit, nor has he provided any explanation for why he did not check with the EEOC on the status of his claim for more than one year or why he failed to file his lawsuit for 10 months after being told in June 2017 that his case had been closed in 2016. Id. at 8-9. Hazlegrove's "ignorance or misunderstanding of the law or legal process is not a basis for equitable tolling." Def.'s Reply Br. 4 (ECF No. 14).

As explained above, the Amended Complaint alleges that Hazlegrove never received the right-to-sue notice. Am. Compl. 4-5 (ECF No. 10). In his response to Colonial's motion to dismiss, Hazlegrove raises the same arguments. Pl.'s Resp. Br. 1-3 (ECF No. 13). He argues that he was notified in March 2017 that his case was still open, and then was told in June 2017 that it had been closed in March 2016. Id. at 1. "Plaintiff finds it hard to understand how it can be open in two separate conversations in March 2017 but closed in March 2016." Id. Hazlegrove argues that he sought a copy of the letter closing his case and stayed in close contact with the EEOC, demonstrating his diligence. Id. at 1-2. As best the Court can tell, Hazlegrove's argument appears to be that equitable tolling could apply because he was wrongly told by the EEOC in March 2017 that his case was still open. Id. at 2. He also argues that the oral notice in June 2017 did not trigger the 90-day period because he was under the belief that he needed a

8

physical copy of the right-to-sue notice in order to file suit.
Id.

**B. Analysis**

Having carefully reviewed Hazlegrove's Amended Complaint
(particularly in light of the Court's previous Memorandum Opinion,
ECF No. 8, and Hazlegrove's pro se status), it remains evident
that Hazlegrove failed to timely bring his federal claims.
Further, the Court finds that Hazlegrove has not alleged sufficient
facts to trigger equitable tolling. Accordingly, the Court once
again agrees with Colonial that Hazlegrove's federal claims are
untimely.

Under both Title VII and the ADA, a plaintiff must file a
lawsuit within 90 days after receiving a right-to-sue notice from
the EEOC. See 42 U.S.C. § 2000e-5(f)(1) (setting out the 90-day
time limit for Title VII claims); 42 U.S.C. § 12117(a)
(incorporating the same rule for ADA claims); Angles v. Dollar
Tree Stores, Inc., 494 F. App'x 326, 328 (4th Cir. 2012)
(unpublished); Crabill v. Charlotte Mecklenburg Bd. of Educ., 423
F. App'x 314, 320-21 (4th Cir. 2011) (unpublished); Davis v. Va.
Commonwealth Univ., 180 F.3d 626, 628, 628 n.3 (4th Cir. 1999);
Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42
(4th Cir. 1993). This 90-day window is characterized as a statute
of limitations. See, e.g., Mann v. Standard Motor Prods., Inc.,

9

532 F. App'x 417, 418 (4th Cir. 2016) (per curiam); Angles, 494 F. App'x at 328-30. The Fourth Circuit strictly construes this 90-day limitations period. See Lewis v. Norfolk S. Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing cases).

Additionally, "actual receipt" of the right-to-sue notice is unnecessary to trigger the 90-day period. See, e.g., Watts-Means, 7 F.3d at 42; Scott v. Hampton City Sch. Bd., 4:14-cv-128, 2015 WL 1917012, at *3 (E.D. Va. Apr. 27, 2015). The Fourth Circuit has held, for example, "that delivery of a right-to-sue letter to a plaintiff's home triggers the limitations period even if the plaintiff does not actually receive the letter." See Watts-Means, 7 F.3d at 42. And, "[i]f the date [of receipt] is unknown . . . it is presumed that service by regular mail is received within three days." See Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (table) (per curiam); see also Weakley, 2015 WL 11112158, at *10; Scott, 2015 WL 1917012, at *3.[5] The basis for that presumption is Fed. R. Civ. P. 6(d), which states, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented

---

[5] This presumption also applies where the receipt date is disputed. See, e.g., Weakley, 2015 WL 11112158, at *10.

to), 3 days are added after the period would otherwise expire under Rule 6(a)." See Fed. R. Civ. P. 6(d).

The 90-day window can be extended under the doctrine of equitable tolling. See Watts-Means, 7 F.3d at 42. That doctrine is to be employed "sparingly." See Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also CVLR Performance Horses, Inc. v. Wynne, 792 F.3d 469, 476 (4th Cir. 2015) ("Equitable tolling has long been considered an extraordinary remedy in this circuit, and litigants face a considerable burden to demonstrate that it applies."). As the Fourth Circuit has held:

> The doctrine has been applied in "two generally distinct kinds of situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."

Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000) (citations omitted); see also Crabill, 423 F. App'x at 321; Blakes v. Gruenberg, 1:14-cv-1652, 2015 WL 9274919, at *5 (E.D. Va. Dec. 18, 2015); Weakley, 2015 WL 11112158, at *15. Additionally, a plaintiff must pursue his rights diligently to invoke equitable tolling, particularly under the "extraordinary circumstances" prong. See Irwin, 498 U.S. at 96; CVLR Performance Horses, 792 F.3d at 476; Olawole v. ActioNet, Inc., 258 F. Supp. 3d 694, 707 (E.D. Va. 2017); Blakes, 2015 WL 9274919, at *6. Finally, while the Court

liberally construes pro se complaints, a plaintiff's pro se status "provides no independent basis for an equitable tolling" of filing periods under employment discrimination statutes. Ugbo v. Knowles, 480 F. Supp. 2d 850, 853 (E.D. Va. 2007).

The Court concludes that Hazlegrove's federal claims are time-barred for two reasons. First, Hazlegrove failed to file his lawsuit within 90 days of receiving the right-to-sue notice. With his original Complaint, Hazlegrove attached a copy of a right-to-sue notice issued to him reflecting that it was mailed on March 30, 2016. See Compl. Ex. 1 at 3-5 (ECF No. 1). In the earlier Memorandum Opinion, the Court determined that it could consider the right-to-sue notice attached to Hazlegrove's Complaint in deciding the motion to dismiss because the notice "is patently integral to the Complaint (it establishes a key prerequisite to Hazlegrove's federal claims: receipt of a right-to-sue notice. . .) and there is no dispute about its authenticity." Mem. Op. 11-13 (ECF No. 8) (footnote omitted). That assessment has not changed with the filing of the Amended Complaint.

On its face, the right-to-sue notice clearly reflects that it was mailed on March 30, 2016. Compl. Ex. 1 at 3 (ECF No. 1). The "to" line indicates that it was sent to Hazlegrove at his current address. See Compl. 1; Compl. Ex. 1 at 3. Thus, the "3-day presumption" applies, and Hazlegrove is presumed to have received

12

the right-to-sue notice in early April 2016. Hazlegrove's Amended

Complaint proffers no facts indicating why he did not receive the

right-to-sue notice, asserting only in conclusory fashion that he

did not. He also alleges that "EEOC office cannot offer proof of

mailing," but he does not allege that EEOC did not actually mail

him the notice (only that it does not have proof of mailing). Am.

Compl. 5 (ECF No. 10). These repeated allegations that Hazlegrove

did not receive the right-to-sue notice do not change the fact

that clear Fourth Circuit law does not require actual receipt by

Hazlegrove. See, e.g., Watts-Means, 7 F.3d at 42. Since he filed

his lawsuit on April 26, 2018—more than two years after he is

presumed to have received the right-to-sue notice—his federal

claims are time-barred.    Hazlegrove has not rebutted the

presumption.⁶  Accordingly, the federal claims are time-barred.

Second, Hazlegrove has not alleged facts sufficient to apply

the "narrow limitations exception" of equitable tolling to the 90-

_____

⁶ Colonial argues that oral notification can also trigger the 90-
day limitations period, and thus, the 90-day period was triggered
at least as of June 2017 when Hazlegrove received oral notification
that his case had been closed. Def.'s Br. 6-7 (ECF No. 12). Several
circuits have considered the issue of oral notification and have
held that it can suffice to trigger the 90-day period. See, e.g.,
Ebbert v. DaimlerChrysler Corp., 319 F.3d 103, 116 (3d Cir. 2003)
("[W]e hold that oral notice can suffice to start the 90-day
period."); Ball v. Abbott Advertising, Inc., 864 F.2d 419, 420-21
(6th Cir. 1988). The Fourth Circuit does not appear to have
considered this question yet. Because the Court can resolve this
motion on other grounds, it need not decide whether oral
notification triggers the 90-day limitations period at this time.

13

day limitations period. See Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990). To reiterate, equitable tolling may apply if one of two situations is present: (1) if Hazlegrove were "prevented from asserting [his] claims by some kind of wrongful conduct on the part of [Colonial]" or (2) if there were "extraordinary circumstances beyond [Hazlegrove's] control [that] made it impossible to file the claims on time." Harris, 209 F.3d at 330 (citations omitted). Hazlegrove has raised no allegations that any conduct by Colonial prevented him from bringing his claims within the time period. See generally Am. Compl. 2-5 (ECF No. 10). Accordingly, the Court finds that Hazlegrove has failed to demonstrate this first facet of equitable tolling applies.

As to the second facet of equitable tolling, Hazlegrove likewise fails. Under the "extraordinary circumstances" facet, Hazlegrove must have pursued his rights diligently in order to invoke equitable tolling. See, e.g., Irwin, 498 U.S. at 96. Hazlegrove proffers no facts explaining why it took him about 14 months to even contact the EEOC regarding his application after filing it in January 2016. See Am. Compl. 4 (ECF No. 10). He alleges that he was told that it "could" or "can" take two years to receive a decision from the EEOC; nowhere was he assured it would take two years or that he must refrain from contacting the

14

EEOC to check on the status of his claim.[7] See id.; Pl.'s Resp.
Br. 1 (ECF No. 13). In similar contexts involving the EEOC, courts
have held that a plaintiff's nine-month delay in following up with
the EEOC about the status of her claim was not due diligence.
Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 798
(E.D. Va. 2007). The Court could find a lack of due diligence on
this ground alone.

But, there is more. Hazlegrove received oral notice from the
EEOC in June 2017 that his case had been closed in March 2016. Am.
Compl. 4 (ECF No. 10). He does not present any facts to explain
why he did not file this action until April 2018, 10 months later.[8]
That is not due diligence.

_____

[7] Furthermore, Title VII and the ADA give a claimant a legal right
to file a lawsuit after 180 days from the date the claimant files
his initial complaint with the EEOC, even if the EEOC has yet to
issue a right-to-sue notice. See 42 U.S.C. § 2000e-5(f)(1); 42
U.S.C. § 12117(a). The relevant regulation requires the EEOC to
issue a right-to-sue notice upon the written demand of the claimant
after 180 days have passed from the initial complaint filed with
the EEOC. 29 C.F.R. § 1601.28(a)(1). This right is prominently
listed on the EEOC website on the same page as the language that
Hazlegrove quotes in his Amended Complaint, indicating that he was
familiar with the page. Am. Compl. 4 (ECF No. 10).

Thus, by around June 2016, Hazlegrove had a legal right to demand
his right-to-sue notice and commence his lawsuit, even if the EEOC
had failed to complete its investigation. Instead, he waited
another eight months to even contact the EEOC for the first time.

[8] In his Response Brief, Hazlegrove argues that the "clerk of
court" "implied" that he needed his right-to-sue letter "in hand"
before he could commence his lawsuit. Pl.'s Resp. Br. 2 (ECF No.
13). On this point, he asserts that "[t]he first question the clerk
of court had when filing was 'do you have your right to sue

15

Simply put, Hazlegrove has alleged no facts showing that an external force prevented him from filing his lawsuit. His misunderstanding of the legal process does not excuse his timely filing of his claim or trigger equitable tolling. See Walker v. Pheasant Ridge Senior Living, No. 7:18cv00258, 2018 WL 3539444, at *2 (W.D. Va. July 23, 2018) (in employment discrimination case, although claimant "is proceeding pro se and may be unfamiliar with the law, neither circumstance provides a basis for equitable tolling"); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (unrepresented prisoner's ignorance of the law not a basis for equitable tolling). Further still, his lengthy delay in checking the status of his case with the EEOC shows he did not perform due diligence. The Court is mindful of Hazlegrove's status as a pro se litigant, but that fact alone does not grant him open-ended tolling on the applicable statute of limitations. See Ugbo, 480 F. Supp. 2d at 853. For these reasons, the Court finds equitable tolling inapplicable.

---

notice?'" Id. at 5. However, Hazlegrove does not contend that his filing was rejected. And, in any event, "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." See Fed. R. Civ. P. 5(d)(4). And, of course, his suit papers were filed.

## C.    Conclusion

Because Hazlegrove is presumed to have received his right-to-sue notice in early April 2016, did not file suit for substantially more than 90 days, and fails to make any showing that equitable tolling applies, Hazlegrove's federal claims are time-barred.    The Court has endeavored to liberally construe Hazlegrove's Complaint given his pro se status and, with the Amended Complaint, actually afforded him another opportunity to allege facts to overcome Colonial's strong statute of limitations defense. Instead, Hazlegrove has simply reasserted the same arguments that he made in his initial Complaint. Consequently, the Court will grant DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 11) as to the federal claims.

## II.  State Law Claim(s)

The remainder of this action is based on state law. For the same reasons it gave in the initial Memorandum Opinion (ECF No. 8), the Court declines to exercise jurisdiction over these state law claims. The only possible bases for jurisdiction over Hazlegrove's state law claim(s) are supplemental jurisdiction under 28 U.S.C. § 1367 and diversity jurisdiction under 28 U.S.C. § 1332. There is no diversity jurisdiction here because both parties are Virginia citizens. And, under 28 U.S.C. § 1367(c)(3), the court may decline to exercise supplemental jurisdiction when

all federal claims have been dismissed (and there is no diversity). The Court so declines here. Therefore, the Court will grant DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 11) as to the state law portion of Hazlegrove's Amended Complaint on the ground of 28 U.S.C. § 1367(c)(3). Dismissal of those claims will be without prejudice.

CONCLUSION

For the foregoing reasons, the Court will grant DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF No. 11).

The Clerk is directed to send a copy of this Memorandum Opinion to the Plaintiff.

It is so ORDERED.

/s/ ℝ ξ ℙ
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December 13, 2018